FRADERA, PLAINTIFF AND RESPONDENT, *v.* MORALES ET AL., DEFENDANTS; MORALES, APPELLANT.

Appeal from the District Court of Mayagüez.

No. 997.—Decided December 2, 1913.

JURISDICTION—APPEAL FROM MUNICIPAL COURT—FINAL JUDGMENT.—A judgment rendered by a municipal court purporting to put an end to the case and con-

taining the words ''without imposing costs'' is a final judgment for the purpose of conferring jurisdiction on the district court on appeal.

ID.—APPEAL FROM MUNICIPAL COURT—TRIAL DE NOVO—EXECUTION.—An appeal having been taken from a judgment of a municipal court to the proper district court, the latter should try the case *de novo* in accordance with the Act of March 11, 1908, page 168, and when, as in the case at bar, the district court overrules a demurrer to the complaint filed in the municipal court, it should require the defendant to answer and not remand the case to the municipal court for further proceedings, especially in view of the fact that pursuant to the provisions of section 4 of the said act only the judgment of the district court is to be sent ·to the municipal court for execution by the latter.

ID.—APPEAL—APPEAL FROM MUNICIPAL COURT—FINAL JUDGMENT.—A decision of a district court in an appeal from a municipal court overruling a demurrer and remanding the case to the lower court for further proceedings, is not a final judgment appealable to this court and an appeal from such decision must be dismissed by this court for lack of jurisdiction.

The facts are stated in the opinion.

*Mr. Luis Montalvo Guenard* for respondent.

*Mr. Benito Forés* for appellant.

MR. JUSTICE WOLF delivered the opinion of the court.

Victoria Fradera filed a suit in the Municipal Court of San Germán for the nullity of a sale and for other·purposes. The defendant demurred and the municipal court sustained the demurrer. When the case was taken on appeal to the district court the defendant moved that the appeal be dismissed because there was no final judgment on the demurrer. Whereupon the complainant brought to the district court a certified copy of the judgment of the municipal court and with that judgment before it the district court overruled the motion.

The defendant appealed to this court and maintains that the alleged judgment of the municipal court is not final as there was no judgment for costs. The alleged decision of the municipal court purported to put an end to the case and added these words, ''without imposing costs.'' This was a sufficient judgment to give jurisdiction to the district court on appeal from the municipal court.

However, after overruling the motion to dismiss the appeal the District Court of Mayagüez proceeded to consider the demurrer filed in the municipal court and overruled the

same but, instead of requiring the defendant to answer, sent the case back to the municipal court for further proceedings.

On appeal from a judgment of the municipal court the district court acquires jurisdiction and should proceed to final judgment. The trial in the district court is *de novo.* The municipal court has lost jurisdiction and all further proceedings should be had in the district court.

In this regard we may .cite the law of March 11, 1908, Session Laws 1908, p. 168, as follows:

"Section 3.—The district court shall place the cause on the calendar of civil actions to be heard in due course according to the provisions of law and judicial rules controlling such calendar. When the appeal is called for trial the court shall, on motion of the appellant, review and consider any preliminary orders, decisions or rulings by which he considers himself to have been aggrieved. Such questions having been determined, the cause shall proceed to trial unless the court shall have considered that the complaint or answer is subject to demurrer, in which event the court in its discretion may permit such complaint or answer to be amended. The action being finally at issue, the trial shall be held as a trial *de novo,* and shall be governed by all provisions of law and rules of court affecting trials of actions originally brought in the district courts. If the plaintiff fails to appear before the distri(c)t court, the district court shall dismiss the action for want of prosecution and shall enter judgment for defendant with costs."

"Section 4.—A certified copy of the judgment of the district court shall be sent by the secretary of said court to the municipal court from which the appeal is taken. Thereafter all proceedings to enforce judgment shall be conducted in the municipal court as if said judgment were an original judgment of said court."

Considering an appeal in a criminal case, *People* v. *Laviosa,* 13 P. R. R., 204, this court had occasion to say:

"The district court appears in the case at bar, as well as the same courts have done in other cases, to have mistaken its functions, and to have considered itself a court of revision and appeal—that is to say, that it had authority and that it was incumbent upon the said court to review and revise and correct, and thereupon to reverse or

affirm the judgments of the inferior courts, to wit, the municipal courts, and courts of justices of the peace. Such is not the province of the district court in cases of this kind. It is well established by law that in such cases the district court shall proceed to try the case *de novo,* without regard to the trial had or the evidence heard in the municipal court.''

And in the case of *Matos Hermanos* v. *Ortiz,* decided February 7, 1913, we stated:

''While it is true, as the appellant alleges, that the municipal courts have jurisdiction to try matters involving less than $500 and that this jurisdiction is not concurrent, yet, as in this case, the municipal court of Yauco had decided that the complainant firm had no claim at law, the only remedy of the complainant firm was to appeal, and under the law of appeals from municipal courts to district courts in civil matters, the case must be tried in the latter court *de novo.* The district court acquired jurisdiction of the entire case and was entitled to act in exactly the same way as the municipal court might have acted in the original suit. Hence the court on overruling the demurrer had a right to require the defendant to proceed to answer, as he ultimately did.''

This reasoning is applicable to the case at bar, but the statute is even clearer, inasmuch as it provides not only that the trial be *de novo* but that it should be governed by all provisions of law and rules of court affecting trials of actions originally brought in the district courts. The only judgment that should be sent to the municipal court is under section 4, the final judgment of the district court to be enforced in the municipal court as if rendered there.

As the district court never actually proceeded to final judgment but sent the case back to the municipal court it cannot be considered that a final judgment was rendered from which an appeal might properly be taken to this Supreme Court. Therefore, the appeal should be dismissed for lack of jurisdiction in this court and the case sent back to the district court for further proceedings.

*Appeal dismissed for lack of jurisdiction and
case remanded to the district court for fur-
ther proceedings.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.